MORRIS DEUTSCH, RESPONDENT, v. JOSEPH POCOROBA, Jr., ET AL., APPELLANTS.

Submitted May 29, 1931—Decided February 1, 1932.

For the appellants, *Jacob S. Glickenhaus.*

For the respondent, *David T. Wilentz.*

The opinion of the court was delivered by

CAMPBELL, J. This was an action by an endorser against other endorsers upon a note, upon which the signature of the plaintiff appeared in the position of second in order of endorsement and his action against endorsers whose names appeared upon such instrument subsequent to his.

The note in question appears to be a second renewal. The original note was for $4,000; the first renewal being for $3,500; and, the note in question for $3,000.

The maker of the instrument and the plaintiff-respondent, upon maturity of the note, the same not having been paid, were sued by the holder and judgment recovered against them, which judgment being paid by respondent, who took an assignment thereof, then brought the present action against all other endorsers, and in such action recovered a judgment which is the subject of this appeal.

Two grounds for reversal are urged:

1. That the trial court erred in refusing to strike out the complaint upon the ground that the same set forth no cause of action.

The argument under this point is that section 68 of the Negotiable Instruments act (*Pamph. L.* 1902, *p.* 583; 3 *Comp. Stat., pp.* 3732, 3743), providing that "as respects one another, endorsers are liable *prima facie* in the order in which they endorse; but evidence is admissible to show that as between and among themselves they have agreed otherwise * * *," requires that the complaint, to raise such an issue, shall aver the specific agreement, in that respect, intended to be relied upon.

Paragraph 5 of the complaint is in the following language: "Said note is now the property of the plaintiff who has demanded payment from the defendants who are prior endorsers to the plaintiff, but the whole of said note is still due and owning." To the complaint a copy of the note is attached showing the endorsements and the actual position that each bears to the others. This is sufficient and so this court has determined in *Schneider* v. *Mueller,* 82 *N. J. L.* 503, 505, where the complaint contained the money counts alone with a copy of the note and its endorsements.

There was, therefore, no error committed in refusing to strike out the complaint.

2. The second, and remaining, ground for reversal is that the trial court erred in refusing to direct a nonsuit.

The entire argument under this ground is contained in a single paragraph of appellants' brief: "The plaintiff's case disclosed no agreement by and between the plaintiff and defendants changing the *prima facie* order of liability as it appeared on the note." What is intended to be urged by this is a matter of mere conjecture. Turning to the grounds of appeal we find that ground number two which is the only one applicable does not enlighten us.

Reference being had to the reason urged for the nonsuit in the court below we find it is that "no cause of action" was "made out according to the complaint" and under which it appears to have been argued "* * * it does not make any difference at what time the party signed, if in fact he signed at a position preceding the others, the law presumes that the liability of the parties is in the order of their en-

dorsement, in the absence of special agreement; which, of course, is not alleged in the complaint, and is not proven in the evidence."

If this is an attack upon the sufficiency of the complaint, that question has already been disposed of by us under ground one.

If it is intended thereby to urge that the contract relied upon must be express, rather than implied, and that there was no evidence to support either class, then the ground is without merit.

The action is essentially one in *assumpsit,* for money paid by the respondent for the use and benefit of the appellants. *Morgan* v. *Thompson,* 72 *N. J. L.* 244.

Such an action can be maintained upon an express or implied agreement. 1 *Chit. Pl.* 351; 5 *C. J.* 1380; 41 *Id.* 12; *Brannan's Negotiable Ins. Law* 623.

There was proof produced by the plaintiff below that, not only in point of time did he endorse the note last, although his signature appeared second in order or position upon the instrument, but that the purpose and understanding was that he was the last endorser and, further, that he was not benefited by the transaction, but, on the contrary, the proceeds of the original note, of which the one in suit was a second renewal, were actually received by the appellants and used and disbursed for the benefit of themselves and others.

Under these circumstances the cause was properly submitted to the jury and it was not error to refuse to nonsuit.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   14.

*For reversal*—None.